IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ALEXANDRA DUGAN,                          )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )    Case No. CIV-25-157-SLP
                                          )
                                          )
EXERGEN CORPORATION, a                    )
Massachusetts Corporation,                )
                                          )
        Defendant.                        )

## O R D E R

Before the Court is Defendant Exergen Corporation's Motion to Partially Dismiss Plaintiff's First Amended Complaint and Brief in Support [Doc. No. 31] (the Motion). Plaintiffs filed a Response [Doc. No. 37] and the matter is at issue.[1]  For the reasons that follow, Defendant Exergen Corporation's (Exergen's) Motion is granted in part and denied in part.

## I.    Introduction

This action arises out of Exergen's and Boston Digital Enterprises, LLC's (Boston Digital's)[2] unauthorized use of copyrighted photographs created by Plaintiff. *See generally* First Am. Compl.  [Doc. No. 25].  Plaintiff brings the following claims against Exergen: violation of the Digital Millenium Copyright Act, 17 U.S.C. §§ 1201 et seq. (Count 1); direct copyright infringement under the Copyright Act, 17 U.S.C. §§ 501 et seq. (Counts 2

---

[1] Citations to the parties' briefing submissions reference the Court's ECF pagination.

[2] On March 26, 2026, the Court dismissed Plaintiff's claims against Boston Digital for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). *See generally* Order [Doc. No. 46].

and 5)[3]; contributory copyright infringement (Counts 3 and 6); vicarious copyright infringement (Counts 4 and 7); breach of contract (Counts 8 and 9); and fraud (Count 10[4]).

Exergen has moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss some of Plaintiff's claims for failure to state a claim.  First, Exergen asserts that Plaintiff has failed to plead facts necessary to support her fraud claim (Count 10) under both Rule 9(b) and Rule 12(b)(6).  Second, Exergen asserts that Plaintiff has not alleged sufficient facts to support her breach of contract (Counts 8 and 9), contributory copyright infringement (Counts 3 and 6), and vicarious copyright infringement claims against Exergen (Counts 4 and 7).  Exergen has not moved for dismissal of Plaintiff's DMCA claim and direct copyright infringement claims (Counts 1, 2 and 5).

## II.    **Standard of Review**

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A facially plausible complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Iqbal*, 556 U.S. at

---

[3] Plaintiff brings two distinct copyright claims as a result of two separate copyrighted images being allegedly appropriated by Boston Digital and Exergen.  *See generally* First Am. Compl. [Doc. No. 25] at ¶¶ 36-3.

[4] The First Amended Complaint contains two claims labeled as "Claim 9", the latter being Plaintiff's fraud claim.  *See* First Am. Compl. [Doc. No. 25] at ¶¶ 104-114.  To avoid confusion, the Court refers to the fraud claim as Count 10.

678).  While the complaint need not contain "detailed factual allegations," it must include "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to avoid dismissal.  *Twombly*, 550 U.S. at 555.  The Court views the allegations in the light most favorable to the Plaintiff and draws all reasonable inferences in the Plaintiff's favor.  *See*, *e.g.*, *Brown v. City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025).

### III.    Factual Allegations of the Complaint

The Court summarizes the facts of the Amended Complaint pertinent to the claims at issue in Exergen's Motion.  Plaintiff Alexandra Dugan is a professional photographer. *See* First Am. Compl. [Doc. No. 25] at ¶ 1.  Exergen is a medical device manufacturer.  *See* id. at ¶ 2.  Boston Digital is a company that provides advertising and marketing services. *See id*. at ¶ 3.

In May of 2024, Exergen retained Boston Digital to, among other tasks, provide design services for Exergen's website.  *See id*. at ¶ 7.  On June 12, 2024, Plaintiff was introduced by a business associate to Dylan Wilson (Wilson), the Creative Director at Boston Digital, and another Boston Digital employee.  *See id*. at ¶ 8.  On June 17, 2024, Wilson called Plaintiff and explained that "Defendants[5] needed photographs of Exergen's pediatric thermometers being used in a clinical environment." *See* First Am. Compl. [Doc. No. 25] at ¶ 10.

---

[5] While Boston Digital has been dismissed from the matter, the Court uses term "Defendants" to refer to Boston Digital and Exergen as Plaintiff used the term throughout the First Amended Complaint and her response brief to Exergen's Motion.  *See generally id*; Resp. [Doc. No. 37].

The photoshoot occurred at a pediatric clinic in Edmond, Oklahoma on June 19, 2024, where Plaintiff took photos and videos as requested by Wilson. *See id*. at ¶ 12. On June 27, 2025, Plaintiff emailed Wilson regarding the photoshoot and that she would provide photo proofs to the Defendants. *See id*. at ¶ 14. Plaintiff provided Wilson with a link to an image gallery (the Proof Gallery) to view the photo proofs on July 8, 2024. *See id*. at ¶ 15. Each of the images in the Proof Gallery contained a watermark with Dugan's initials and "embedded metadata listing [Plaintiff] as the copyright owner." *See id*. at ¶ 16. The Proof Gallery provided employees of Defendants with the ability to view the images, but did not allow the employees to "download, copy, or modify the images without a numeric pin." *See id*. at ¶¶ 17-18. On July 9, 2024, Wilson contacted Ms. Dugan and requested five high-resolution photographs of the proofs contained in the Proof Gallery (the Dugan Photographs) for use in a Boston Digital internal presentation for Exergen. *See id*. at ¶ 19. The Dugan Photographs contained copyright management information indicating it was Plaintiff's copyrighted work. *See id*. at ¶ 20. On July 11, 2024, Plaintiff uploaded the Dugan Photographs and videos from the photoshoot to the file-sharing service WeTransfer. *See id*. at ¶ 21. Wilson downloaded the Dugan Photographs and videos on the same day and Boston Digital employees subsequently forwarded the WeTransfer link to employees of Exergen. *See id*. at ¶¶ 21-22.

On August 13, 2024, Plaintiff was introduced by a Boston Digital employee to Michelle Rico (Rico), an Exergen employee. *See id*. at ¶ 23. Plaintiff provided Rico with access to the Proof Gallery and indicated that the images "were available for purchasing or licensing but were not to be used or modified in any manner without [Plaintiff's] consent."

4

*See id*. at ¶ 24.  Rico sent an email to Plaintiff on September 5, 2024, requesting pricing for four of the images in the Proof Gallery.  *See id*. at ¶ 25.  Rico indicated in a September 6, 2024, email that the images would be used primarily for Exergen's website and social media, and "that Exegen would likely license the images as opposed to purchasing them outright."  *See id*. at ¶ 27.  On September 9, 2024, Plaintiff "provided Exergen with a formal quote for licensing or purchasing the rights to use her photographs."  *See id*. at ¶ 28.  Rico stated in a follow-up email that "she was forwarding it to others at Exergen for review."  *See id*.

On October 2, 2024, Wilson requested access to high-resolution photographs of the images contained in the Proof Gallery as well as pricing for use of the photographs. *See id*. at ¶ 30-31.  Wilson indicated in a phone call with Plaintiff that same day "that he would 'ping' Exergen as he expected that Exergen was planning on using the Dugan Photographs on Exergen's website."  *See id*. at ¶ 31.  On October 10, 2024, Wilson emailed Plaintiff and stated he forwarded the Proof Gallery link to employees of Exergen again. *See id*. at ¶ 32.  Plaintiff received no further communications from employees of Boston Digital or Exergen after Wilson's October 10, 2024 email.  *See id*. at ¶ 33.  Furthermore, Boston Digital nor Exergen "paid for the use and modifications of the Dugan Photographs[.]"  *See id*. at ¶ 34.  As of February 4, 2025, the date the original Complaint was filed, modified versions of "two of the Dugan Photographs were posted and visible on Exergen's website" without permission or authorization from Plaintiff.  *See id*. at ¶¶ 35-44.

## IV.    Discussion

### A. Fraud Claim (Count 10)

Whenever fraud is alleged, "a party must state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b).  Critical to the "sufficiency of a pleading [under Rule 9(b)] is the determination of how much detail is necessary to give adequate notice to an adverse party."  *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1277 (10th Cir. 2023) (cleaned up and citations omitted).  A complaint satisfies Rule 9(b) when it "identifie[s] the parties, the dates, the content of the communications, [and] how they were allegedly fraudulent." *Tal v. Hogan*, 453 F.3d 1244, 1265 (10th Cir. 2006). "Put differently, a complaint stating the "who, what, where, when, and how" of the alleged fraud gives a defendant the requisite level of notice required under Rule 9(b)." *Clinton*, 63 F.4th at 1277. Here, Plaintiff's claim against Exergen fails to sufficiently allege facts identifying "who" at Exergen made a fraudulent statement.

Plaintiff has not sufficiently alleged that employees of *Exergen* made an intentional misrepresentation to Plaintiff.  The fraud claim is based on an alleged representation that "Defendants would only use the Dugan Photographs downloaded from WeTransfer for the sole purpose of an [sic] including them in an internal presentation concerning the Exergen website." *See* First Am. Compl. [Doc. No. 25] at ¶ 110.  In the Amended Complaint, Plaintiff alleges that Wilson, a *Boston Digital* employee, asked Plaintiff to provide the Dugan Photographs "for a presentation Boston Digital was giving to Exergen" relating to the Exergen website. *Id*. at ¶ 19.  There are no allegations that an employee of Exergen

6

was using the photos for an internal presentation.  Plaintiff's response brief focuses on a statement by Rico, an Exergen employee, who stated that Exergen would likely license the Dugan Photographs.  *See* Resp. [Doc. No. 37] at 11; First Am. Compl. [Doc. No. 25] at ¶ 2.  However, such statement has no meaningful relation to the use of the Dugan Photographs for Boston Digital's internal presentation.  In the specific context of Plaintiff's fraud claim, there are no facts indicating an Exergen employee made a misrepresentation to Plaintiff.  Because of this deficiency, Plaintiff has not stated a particularized or plausible claim of fraud against Exergen.  Accordingly, Plaintiff's fraud claim against Exergen is subject to dismissal under Rule 12(b)(6) for failure to satisfy the pleading standards of both Rule 9(b) and Rule 12(b)(6).

### B.  Breach of Contract Claims (Counts 8 and 9)

To state a claim for breach of contract under Oklahoma law, a plaintiff must allege: (1) formation of a contract; (2) breach of that contract; and (3) damages as a direct result of the breach.  *See Dig. Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001).[6]  Exergen argues Plaintiff failed to allege facts sufficient to demonstrate the formation of either of the alleged contracts.  *See* Mot. [Doc. No. 31] at 6-8.  "It is an elementary rule of law that to constitute a contract, there must be an offer by one party and an acceptance thereof by the other party."  *Redwine Resources, Inc. v. Predator Techs., L.L.C.*, 171 P.3d 330, 334 (Okla. Civ. App. 2007) (citing *Nat'l Outdoor Advert. Co. v. Kalkhurst*, 418 P.2d 661 (Okla. 1966)).  "The consent of the parties [to the contract] must

---

[6] Both parties cite to Oklahoma law for the elements of a breach of contract claim.  Accordingly, the Court will analyze such claims under Oklahoma law.

be mutual, and consent is not mutual unless the parties all agree upon the same thing in the same sense." *Beck v. Reynolds*, 903 P.2d 317, 319 (Okla. 1995) (cleaned up and citations omitted).

As to the first breach of contract claim, Plaintiff alleges that "Ms. Dugan offered to provide Defendants with images for use in an internal presentation related to Exergen's website, and in return Defendants would propose that Exergen use the Dugan Photographs on the Exergen website." First Am. Compl. [Doc. No. 25] at ¶ 99.  Assuming, without deciding, that a contract exists, Plaintiff has not sufficiently alleged facts demonstrating Exergen's involvement in any contract as to the use of the Dugan Photographs for Boston Digital's internal presentation.  Similar to her fraud claim, Plaintiff relies on the alleged statement of Wilson, a Boston Digital employee, who emailed Plaintiff and asked to use the Dugan Photographs for a Boston Digital internal presentation about the Exergen website project.  *Id*. at ¶ 19.  Plaintiff does not allege that an Exergen employee was involved in the usage of the Dugan Photographs for the internal presentation.  As such, Exergen cannot be bound to an alleged contract that it was not a party to.  While Plaintiff argues in her response brief that Wilson was acting as an agent for Exergen in these communications, the argument is underdeveloped and lacks a logical basis.  Plaintiff alleges that the consideration that the "Defendants" were providing was a promise to "propose that Exergen use the Dugan Photographs on the Exergen website."  *Id*. at ¶ 99. Even if the Court were to assume promises were exchanged between Plaintiff and Boston Digital, only Boston Digital would propose the use of the Dugan Photographs to Exergen. Plaintiff asks the Court to find a plausible claim where Exergen entered into a contract

8

where it agreed to propose to itself.  The Court will not do so.  Accordingly, the Court finds that Plaintiff has failed to state a breach of contract claim against Exergen relating to the usage of the Dugan Photographs for Boston Digital's internal presentation.

However, Plaintiff has stated a plausible breach of contract claim against Exergen relating to the use of the images on the Exergen website.  Plaintiff alleges that she provided Exergen employees "with a formal quote for licensing or purchasing the right to use" the photographs taken at the pediatric clinic. *See* First Am. Compl. [Doc. No. 25] at ¶ 28. Exergen employees indicated that Exergen would review the quote. *Id*.  Plaintiff received no further correspondence from Exergen. *See id*. at ¶ 29.  Exergen asserts in their Motion that no contract was formed as it was "Exergen's business decision not to move forward with licensing or purchasing the images after receiving the formal quote[.]" *See* Mot. [Doc. No. 31] at 8.  However, Plaintiff argues that Exergen accepted the contract by subsequently using Plaintiff's photographs. *See* Resp. [Doc. No. 37] at 15-16.  Modified versions of two of the Dugan Photographs were present on Exergen's website after Plaintiff provided the formal quote to Exergen. *See* First Am. Compl. [Doc. No. 25] at ¶¶ 35-39.  "A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it so far as the facts are known, or ought to be known to the person accepting." Okla. Stat. tit. 15 § 75; *see also* Okla. Stat. tit. 15 § 70 ("[A]cceptance of the consideration offered with a proposal, is an acceptance of the proposal."); *Hardin v. First Cash Fin. Servs., Inc.*, 465 F.3d 470, 476 (10th Cir. 2006).  Plaintiff has plausibly alleged facts demonstrating Exergen accepted the benefits of a contract by using the Dugan Photographs.

9

Accordingly, the Court finds that Plaintiff has alleged a plausible breach of contract claim against Exergen relating to the usage of Plaintiff's photographs on Exergen's website.

### C. Secondary Liability for Copyright Infringement (Counts 3, 4, 6, and 7)

Exergen also seeks dismissal of Plaintiff's claims made on the basis of secondary liability for copyright infringement. Courts have recognized the "imposition of liability for copyright infringements on certain parties who have not themselves engaged in the infringing activity." *E.g.*, *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 435 (1986); *Greer v. Moon*, 83 F.4th 1283, 1287 (10th Cir. 2023). Plaintiff alleges claims against Exergen under both vicarious liability and contributory liability theories relating to Boston Digital's alleged copyright infringement.[7] Exergen asserts Plaintiff has failed to allege facts sufficient under either theory.

Vicarious liability requires that the defendant has (1) "an obvious and direct financial interest in the exploitation of copyrighted materials" and (2) "the right and ability to supervise" the direct infringer. *Greer*, 83 F.4th at 1287; (internal quotation marks and citations omitted); *see also Diversey v. Schmidly*, 738 F.3d 1196, 1204 (10th Cir. 2013). Exergen asserts that Plaintiff's allegations as to both elements are conclusory. The Court disagrees. As to a direct financial interest, Plaintiff alleges that two modified versions of the Dugan Photographs were present on the Exergen website for a period of time. *See* First Am. Compl. [Doc. No. 25] at ¶¶ 35-40. Plaintiff also alleges that the Dugan Photographs

---

[7] As previously discussed, Plaintiff also raises a direct copyright infringement claim against Exergen.

depicted such products and were used to promote the products. *E.g.*, *id*. at ¶¶ 10, 40. The Court finds that Plaintiff has alleged sufficient facts demonstrating that Exergen received a direct financial benefit from having two of the Dugan Photographs on its website to assist in promoting their products. Plaintiff has also sufficiently alleged the second element to establish vicarious liability. Exergen retained Boston Digital to create a website for Exergen. *See id*. at ¶ 5. Plaintiff also alleges in the Amended Complaint that Exergen was the party who would make the determination on whether to use the Dugan Photographs. *See id*. at ¶ 31. Given the relationship between Boston Digital and Exergen, Plaintiff has plausibly alleged that Exergen did have the ability to control the content that Boston Digital used on Exergen's website, including the use of two modified versions of the Dugan Photographs. *Id*. at ¶¶ 79, 94. Accordingly, Plaintiff has sufficiently alleged a copyright infringement claim against Exergen based on a vicarious liability theory.

To establish contributory liability, a plaintiff must allege: (1) direct infringement of a copyright; (2) the defendant's knowledge of the direct infringement; and (3) the defendant contributed to the direct infringement. *Greer*, 83 F.4th at 1287; *Diversey*, 738 F.3d at 1204. "One way of establishing contributory liability is by showing a defendant authorized the infringing use." *Greer*, 83 F.4th at 1287 (internal quotation marks and citations omitted). Exergen does not dispute Plaintiff has sufficiently alleged a direct copyright infringement occurred, rather, it argues Plaintiff has alleged no facts as to the other elements. *See* Mot. [Doc. No. 31] at 9-10. The Court finds Exergen's argument underdeveloped and not well-taken.

11

"Contributory liability requires that the secondary infringer know or have reason to know of direct infringement." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1020 (9th Cir. 2001) (internal quotations and citations omitted). Plaintiff alleges that she mentioned on several occasions to Exergen employees that the Dugan Photographs would need to be licensed or purchased and "were not to be used or modified in any manner without [Plaintiff's] consent." *See* First Amended Complaint [Doc. No. 25] at ¶ 24, 26. Exergen employees acknowledged the need to license or purchase the works before their usage, stating Exergen would likely license the images. *See id*. at ¶ 27. Both the proofs of the Dugan Photographs and the photographs themselves contained copyright management information that indicated that the Dugan Photographs were copyrighted material of Plaintiff. *See id*. at ¶¶ 16, 20. Plaintiff alleges that Exergen never paid for the use or modification of the Dugan Photographs. *See id*. at ¶ 34. Modified versions of two of the Dugan Photographs were later present on Exergen's website. *See id*. at ¶¶ 35-39. The Court finds that it is reasonable to infer that Exergen knew, or at least constructively knew, of a direct copyright infringement where copyrighted photographs they had not paid to use were present on the company's own website. The Amended Complaint also alleges sufficient facts to infer that Exergen authorized the copyright infringement. As discussed above, Exergen is alleged to have controlled Boston Digital's design of Exergen's website. For modified versions of the Dugan Photographs to have been present on the Exergen website, it can be inferred that employees of Exergen would have needed to approve the addition of the photographs. Plaintiff has plausibly alleged a copyright infringement claim against Exergen under a contributory liability theory.

### D. Leave to Amend

Plaintiff requested that she be granted leave to amend her pleading should the Court deem dismissal of her claims proper.  Plaintiff's request is wholly conclusory.  Plaintiff fails to identify any relevant additional factual allegations or governing law that would deem leave to amend proper.

Plaintiff has not filed a formal motion requesting leave to amend.  *See Calderon v. Kansas Dep't of Soc. and Rehab. Servs.*, 181 F.3d 1180, 1186–87 (10th Cir. 1999) (Generally, "a court need not grant leave to amend when a party fails to file a formal motion.").  Nor has Plaintiff complied with this Court's local rule governing amendment of pleadings.  *See* LCvR 15(a)(2).  Under these circumstances, Plaintiff has failed to provide sufficient notice of the basis for any further amendment.  *See Calderon*, 181 F.3d at 1186–87 (explaining "a request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it" and noting the Circuit has held an informal request to amend made in a response to a motion to dismiss was insufficient); *see also Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 706 (10th Cir. 2014) ("[A] bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a request would be based."); *Barrett v. Univ. of New Mexico Bd. of Regents*, 562 F. App'x 692, 694–95 (10th Cir. 2014) (mere suggestion in opposition to motion to dismiss that plaintiff should be allowed leave to amend was insufficient; a "formal motion to amend, accompanied by a proposed amended

13

complaint, gives the [trial] judge an opportunity to consider whether the new complaint can pass muster" and "[a] less disciplined approach wastes time and effort"). The Court, therefore, denies Plaintiff's request for leave to amend.

## V.    Conclusion

IT IS THEREFORE ORDERED that Defendant Exergen Corporation's Motion to Partially Dismiss Plaintiff's First Amended Complaint and Brief in Support [Doc. No. 31] is GRANTED IN PART AND DENIED IN PART.  Plaintiff's fraud claim (Count 10) and breach of contract claim relating to Boston Digital's internal presentation (Count 8) against Exergen are DISMISSED WITHOUT PREJUDICE.  The Motion is DENIED as to Plaintiff's copyright infringement claims against Exergen based on secondary liability theories (Counts 3, 4, 6 and 7), as well as Plaintiff's breach of contract claim relating to the usage of the Dugan Photographs on Exergen's website (Count 9).

IT IS SO ORDERED this 30th day of March, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

14