## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ALEXANDRA DUGAN, an individual,

    Plaintiff;

vs.

                                 Case No. CIV-25-157-SLP

BOSTON DIGITAL ENTERPRISES, LLC,
Delaware limited liability company; and
EXERGEN CORPORATION, a Massachusetts
corporation,

    Defendants.

## DEFENDANT BOSTON DIGITAL ENTERPRISES, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF ALEXANDRA DUGAN'S MOTION FOR RECONSIDERATION [DKT. 49]

*/s/ Evan W. Talley*
Evan W. Talley (OBA No. 22923)
**RYAN WHALEY**
400 North Walnut Ave.
Oklahoma City, OK  73104
Telephone:   (405) 239-6040
Facsimile:   (405) 239-6766
Email:        etalley@ryanwhaley.com

***Attorneys for Defendant Boston Digital Enterprises, LLC***

Defendant Boston Digital Enterprises, LLC ("Boston Digital") submits this response in opposition to Plaintiff Alexandra Dugan's Motion for Reconsideration ("Motion for Reconsideration") of the Court's Order [Dkt. 46] Granting Boston Digital's Renewed Motion to Dismiss [Dkt. 29] ("Renewed Motion to Dismiss"). In support, Boston Digital states as follows:

**<u>INTRODUCTION</u>**

Through the Motion for Reconsideration, Plaintiff asks the Court to rethink only the aspect of its Order granting the Renewed Motion to Dismiss that did not allow Plaintiff jurisdictional discovery.[1] Plaintiff's request is flawed for several reasons. ***<u>First</u>***, Plaintiff did not properly request jurisdictional discovery because it did not do so through an "explicit, supported motion for discovery." ***<u>Second</u>***, the Motion for Reconsideration operates as if the Court relied on the original Murphy Declaration in granting the Renewed Motion to Dismiss. The record is clear that the Court did not rely on that declaration at all—it relied on Plaintiff's allegations in the Amended Complaint, the sworn statements of Plaintiff in the Dugan Declaration, and the Amended Declaration of Chuck Murphy [Dkt. 30] ("Amended Murphy Declaration"). ***<u>Third</u>***, Plaintiff has not shown that it would be prejudiced by not being allowed to conduct jurisdictional discovery because it has not

---

[1] Despite stating that it is not re-litigating the substantive issue of whether this Court possesses personal jurisdiction over Boston Digital, the Motion spends multiple pages doing exactly that. [Dkt. 49, pp. 8–9]. To the extent the Court entertains any of those arguments, Boston Digital defers to and re-incorporates the arguments presented in its Renewed Motion to Dismiss [Dkt. 29], the Amended Murphy Declaration [Dkt. 30], and the Reply submitted in support thereof [Dkt. 36].

1

demonstrated any controverted facts that bear on the jurisdictional analysis or why a more satisfactory showing is necessary. Specifically, Plaintiff has not articulated why Plaintiff is not already in possession of the information and documents she states will be elicited through discovery. In denying requests for jurisdictional discovery, this Court and others in the Tenth Circuit have also rejected overly broad, unsupported justifications for jurisdictional discovery like the one made by Plaintiff here that "[d]iscovery is needed to determine whether Boston Digital has other contacts with Oklahoma that would bear on the jurisdictional analysis."

Accordingly, the Motion for Reconsideration should be denied.

## RESPONSE TO PROCEDURAL BACKGROUND

Plaintiff's Procedural Background section, presumably intentionally, omits certain key events. In an attempt to highlight that Mr. Murphy submitted an Amended Declaration removing the incorrect statement about the photo shoot occurring in Oregon, Plaintiff completely fails to mention that Boston Digital filed an Amended Declaration and Renewed Motion to Dismiss in response to Plaintiff filing an Amended Complaint, which Plaintiff did in response to Boston Digital filing its original Motion to Dismiss Boston Digital for lack of personal jurisdiction. [Dkts. 21, 22, 25, 29, and 30]. Plaintiff's Amended Complaint, *inter alia*, added allegations to attempt to address the jurisdictional issues raised in Boston Digital's original Motion to Dismiss. [*See* Dkt. 25, ¶¶ 1, 3, 9–10, 15, 21, 31–32]. It was Plaintiff's Amended Complaint, including those additional allegations, that the Court evaluated in granting Boston Digital's Renewed Motion to Dismiss. [*See* Dkt. 46 generally].

2

## ARGUMENT AND AUTHORITIES

### I.      LEGAL STANDARD

When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion. *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (citing *H. L. Moore Drug Exch., Inc. v. Smith, Kline & French Labs.*, 384 F.2d 97 (2nd Cir. 1967). The trial court, however, is vested with broad discretion and should not be reversed unless discretion is abused. *Id.* A refusal to allow jurisdictional discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant. *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 103 (10th Cir. 2012). Prejudice is present where "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Id.* (quoting *Sizova v. Nat'l Inst. of Standards & Tech.,* 282 F.3d 1320, 1326 (10th Cir. 2002) (citations omitted).

A district court does not abuse its discretion by denying jurisdictional discovery where there is a "very low probability that the lack of discovery affected the outcome of this case." *Bell Helicopter Textron, Inc. v. Heliqwest Intern., Ltd.*, 383 F.3d 1291, 1299 (10th Cir. 2004). "[T]he burden of demonstrating a legal entitlement to jurisdictional discovery—and the related prejudice flowing from the discovery's denial—[is] on the party seeking the discovery ..." *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino and Resort*, 629 F. 3d 1173, 1189 n. 11 (10th Cir. 2010); *see also id.* at 1189–90. "Pure speculation as to the existence of helpful facts is insufficient, as a matter of law, to

constitute the type of prejudice that warrants reversing the district court in the area of discovery management." *Dental Dynamics, LLC v. Jolly Dental Group, LLC*, 946 F.3d 1223, 1234 (10th Cir. 2020).

Plaintiff baselessly asserts that whether to allow jurisdictional discovery "is not a permissive standard." [Dkt. 49, p. 5]. As the Tenth Circuit reminded the party seeking discovery in *Bell Helicopter Textron, Inc. v. Heliqwest Intern., Ltd.*, 383 F.3d 1291 (10th Cir. 2004), Plaintiff makes the same mistake of ignoring the second part of the directive in *Budde*, 511 F.2d at 1035, that a district court has broad discretion in the manner in which it resolves a motion for lack of jurisdiction, and jurisdictional discovery is not required if no party will be prejudiced by the refusal to allow discovery. *Bell Helicopter Textron, Inc.*, 383 F.3d at 1298–99. Applying Tenth Circuit for what constitutes "prejudice" in these situations, the Court was well within its discretion to grant the Renewed Motion to Dismiss without allowing Plaintiff jurisdictional discovery, especially considering Plaintiff did not properly request it.

## II.    PLAINTIFF DID NOT PROPERLY REQUEST JURISDICTIONAL DISCOVERY

Without citing to any authority, Plaintiff erroneously claims that the Court not directly addressing the portion of Plaintiff's response asking for jurisdictional discovery "constitutes clear error warranting reconsideration under Rule 54(b)." [Dkt. 49, p. 5]. A cursory review of the relevant Tenth Circuit authority reveals the opposite is true: Plaintiff has not property requested jurisdictional discovery. *See World Wide Ass'n of Specialty Programs & Schs. v. Houlahan*, 138 F. App'x 50, 52 (10th Cir. 2005) (stating, because a

4

party requesting is required to file an "explicit, supported motion for discovery," a court need not recognize a "general request for discovery" made in response to a Rule 12(b)(2) motion). Because Plaintiff did not submit an "explicit, supported motion for discovery," the Court should deny the Motion for Reconsideration.

### III.    THE COURT DID NOT RELY SOLELY ON THE AMENDED MURPHY DECLARATION IN GRANTING THE RENEWED MOTION TO DISMISS

To the extent the Court considers the grounds presented in the Motion for Reconsideration, there are several other bases upon which the Court should deny it. Contrary to Plaintiff's assertion, the entire jurisdictional record does not rest on the First Murphy Declaration. The Court's decision is clear that it did not consider only that declaration and referenced other sources, namely the First Amended Complaint and the Dugan declaration, in making its decision. The Court based its decision on the following findings:

- Rich Blumenthal of Exergen was the initial individual who proposed that Boston Digital employees should speak with Plaintiff;

- Exergen employees proposed that Boston Digital could get the photos of the Exergen products at Plaintiff's photoshoot that had already been scheduled at a pediatric clinic in Edmond, Oklahoma;

- Plaintiff was then introduced by a business partner of the pediatric clinic to employees of Boston Digital via email;

- Boston Digital employees then arranged a call with Plaintiff to discuss photos needed for the Exergen website;

- Plaintiff alleges she "suggested that she could take the photographs needed by Boston Digital and Exergen" at the previously scheduled photoshoot in Edmond, Oklahoma, to which Boston Digital agreed;

- While Boston Digital employees provided Plaintiff with what photos were desired for the Exergen website, the photoshoot's location in Oklahoma was not something independently chosen by Boston Digital;

- While Boston Digital was the party who described to Plaintiff what photographs were needed for the Exergen website, Exergen was ultimately the party who would have provided payment to Plaintiff;

- The Parties understood that the photos Plaintiff took were planned to be used for Exergen's website;

- Boston Digital employees requested the use of the Dugan Photographs in July of 2024 for an internal presentation relating to the Exergen website project;

- In August and September of 2024, Exergen employees and Plaintiff discussed the pricing and use of the Dugan Photographs;

- Boston Digital employees were not involved in these discussions; and

- When Plaintiff and Wilson spoke in October 2024, Wilson indicated that he would talk with Exergen and that "Exergen was planning on using the photographs on Exergen's website."

[Dkt. 46, pp. 8–10 (internal citations omitted)].

Plaintiff cites *Wenz v. Memery Crystal*, 55 F.3d 1503 (10th Cir. 1995), for the purported proposition that "conflicting affidavits are resolved in the plaintiff's favor." [Dkt. 49, p. 4]. However, *Wenz* dealt with affidavits submitted by each of the parties that conflicted with each other, not an original affidavit and corrected one submitted by a single party, like the original and Amended Murphy Declarations submitted here. *Wenz*, 55 F.3d 1508–09. Plaintiff also provides no support for the statement that "[w]here a defendant's jurisdictional declarant has made demonstrably false statements, courts apply heightened scrutiny." [Dkt. 49, p. 4]. As there is nothing conflicting about the Dugan Declaration [Dkt.

33] and the Amended Murphy Declaration [Dkt. 30], there are no factual disputes as to those affidavits for the Court to resolve in Plaintiff's favor.

Through the Amended Complaint, Plaintiff had the opportunity to add the allegations it now says will be elicited through jurisdictional discovery. The issue is that Plaintiff should have already been in possession of those facts, *e.g.* the circumstances of the photoshoot location and Boston Digital's interactions with Plaintiff, when it filed the Amended Complaint. The Amended Complaint is either silent as to such facts or the Court considered them when denying the motion to dismiss. Either circumstance is telling that Plaintiff has not demonstrated how jurisdictional discovery would change the result of the Court's decision on the Renewed Motion to Dismiss. At best, the Motion for Reconsideration speculates as to what might come out through discovery. As such, the Motion for Reconsideration should be denied.

## IV.   PLAINTIFF HAS NOT DEMONSTRATED THAT THERE ARE CONTROVERTED FACTS BEARING ON THE QUESTION OF JURISDICTION OR WHY A MORE SATISFACTORY SHOWING IS NECESSARY

The Motion for Reconsideration does not actually put any of the above findings in dispute. The Motion for Reconsideration also does not argue that a more satisfactory showing of facts is necessary. This is largely because it does not even mention all of the facts—most put forth by Dugan—upon which the Court based its decision.

Plaintiff avers that jurisdictional discovery is needed to ascertain the "true circumstances of the photoshoot location" because the Amended Murphy Declaration purportedly "omits any statement about location." [Dkt. 49, p. 7]. While the Amended

7

Murphy Declaration contains statements about the circumstances of the photoshoot [Dkt. 30, ¶¶ 5–6], what Plaintiff's Motion fails to acknowledge is that the Amended Complaint contains specific allegations about the circumstances of the photoshoot and that Plaintiff even alleges Boston Digital had nothing to do with deciding the location of the photoshoot: "***Ms. Dugan suggested*** that she could take the photographs needed by Boston Digital and Exergen at an upcoming photoshoot ***she had already scheduled*** for a local pediatric clinic in Edmond, Oklahoma." [Dkt. 25, ¶¶ 8–10]. The Court credited those allegations that Plaintiff chose to include in the Amended Complaint in granting the Renewed Motion to Dismiss. [Dkt. 46, pp. 5, 8–9]. Surely Plaintiff is not now controverting its own allegations regarding the circumstances of the photoshoot location. *See also ConocoPhillips Co. v. Jump Oil Co.,* 948 F. Supp. 2d 1272, 1281 (N.D. Okla. 2013) (denying request for leave to conduct jurisdictional discovery because the requesting party "has not identified any contested factual issues that merit further inquiry" and "[t]here is no precedent suggesting that jurisdictional discovery should be permitted to give a plaintiff a second opportunity to prove that a defendant is subject to the personal jurisdiction in a particular forum"). As with *Bell Helicopter*, since there is a "very low probability" that discovery would change the outcome, the Court should deny the Motion for Reconsideration.

Similarly, Plaintiff states that jurisdictional discovery will yield "the full scope of Boston Digital's solicitation of Plaintiff" [Dkt. 49, p. 7], but that statement is nonsensical. As the subject of "Boston Digital's solicitation of Plaintiff," Ms. Dugan should already be in possession of all the information and documents that evince the "full scope" of that solicitation, i.e. all interactions between Plaintiff and Boston Digital. Plaintiff presumably

included all such interactions of in the Amended Complaint, which the Court has already credited in granting the Renewed Motion to Dismiss. [Dkt. 46, p. 5]. Boston Digital is struggling to grasp how Ms. Dugan "may not have been privy to" all communications and interactions between Boston Digital and herself. Plaintiff fails to demonstrate how jurisdictional discovery would change that.

This Court recently rejected a similar argument in *PVD Phase II, LLC v. Silver Arch Capital Partners, LLC*, No. CIV-19-0836, 2020 WL 5006038 (W.D. Okla. Feb. 26, 2020), where it assumed that the defendant's "contacts in Oklahoma would be related to the transaction with [the plaintiff], meaning that [the plaintiff] would already know if [the defendant] sent correspondence, made phone calls, or physically visited Oklahoma in connection with" the transaction at issue. *Id.* at *4 n. 4. The Court found that the plaintiff "offered nothing to demonstrate that discovery would be anything other than a fishing expedition." *Id.* The same is true of Plaintiff's request here.

The United States District Court for the Eastern District of Oklahoma has also rejected jurisdictional discovery under very similar circumstances. *See Allen v. IM Solutions, LLC*, 83 F. Supp. 3d 1196, 1210 (E.D. Okla. 2015) (denying request for jurisdictional discovery after determining that the facts alleged by Plaintiff did not support the exercise of personal jurisdiction and because it did not "appear … that the jurisdictional discovery proposed by Plaintiffs would alter their allegations in a way that might significantly change the court's analysis").

Plaintiff also contends she needs jurisdictional discovery to yield information concerning "Boston Digital's direction of copyrighted work" and "Boston Digital's other

Oklahoma contacts." [Dkt. 49, p. 8]. Yet, Boston Digital provides no basis to believe that there is more information in either area than what has been submitted to the Court and what it considered in granting the Renewed Motion to Dismiss. Plaintiff also does not explain how any such information would affect the Court's jurisdictional analysis, particularly as it pertains to Boston Digital's contacts with Oklahoma in relation to this "particular engagement."

Plaintiff argues that "[d]iscovery is needed to determine the full extent of Boston Digital's direction, use, and distribution of Plaintiff's copyrighted images." [Dkt. 49, p. 8]. Plaintiff should already be in possession of any such information and documents, i.e. interactions with her and/or where she made the allegedly copyrighted materials available, that would have any effect on the jurisdictional analysis, i.e. the level of Oklahoma's involvement. As Plaintiff is the only party involved with any connection to Oklahoma, any information beyond what she already has and was before the Court would bear on the merits, not jurisdiction.

As it has done in similar circumstances, the Court should also reject Plaintiff's unsupported statement that "[d]iscovery is needed to determine whether Boston Digital has other contacts with Oklahoma that would bear on the jurisdictional analysis." [Dkt. 49, p. 8]. In *Magnesium Machine, LLC v. Terves LLC*, No. CIV-21-1115-PRW, 2022 WL 16641839 (W.D. Okla. Nov. 2, 2022), this Court denied a request for jurisdictional discovery based on "speculative" and "open-ended" justifications that "there's no telling how many contacts [the defendant] has with Oklahoma that are unknown at this time," that it would "not be surprising" if the defendant "had other contacts," that those uncertainties

10

justify discovery "to inquire into what other contacts, if any, [the defendant] has directed to Oklahoma." *Id.* *6. The Court should do the same here and choose not to credit Plaintiff's half-hearted justifications for jurisdictional discovery.

The Tenth Circuit has repeatedly affirmed district courts' decisions denying such speculative requests for jurisdictional discovery. *Dental Dynamics* affirmed the district court's denial of jurisdictional discovery when the party seeking discovery speculatively stated "limited discovery on … [Jolly Dental's] business relationship would likely aid Dental Dynamics in establishing personal jurisdiction." 946 F.3d at 1233–34. In *Budde*, the Tenth Circuit found that the district court did not abuse its discretion in dismissing for lack of personal jurisdiction and that "[i]mplicit in the trial court's order … dismissing the complaint for lack of jurisdiction is a determination that further discovery would not demonstrate facts sufficient to constitute a basis for personal jurisdiction." 511 F.2d at 1035. *Grynberg* also found that the district court did not abuse its discretion, rejecting the party seeking discovery's argument that "without knowing what such discovery would have uncovered, Plaintiffs were left to wonder what they may have learned and how that information may have altered the court's decision" because that statement "takes the plaintiff perilously close to conceding 'an attempt to use discovery as a fishing expedition rather than to obtain needed documents to defeat' the motion to dismiss." 490 F. App'x at 105. (quoting *Breakthrough Mgmt. Grp., Inc.*, 629 F.3d at 1190 (internal citations omitted)).

11

Here, the Court should follow the clear precedent of the courts within the Tenth Circuit and find that Plaintiff has not carried its burden to be allowed jurisdictional discovery.

## CONCLUSION

For the reasons set forth above, the Court should deny Plaintiff's Motion for Reconsideration.

Dated: May 14, 2026                    Respectfully submitted,


*/s/ Evan W. Talley*
Evan W. Talley, OBA #22923
**RYAN WHALEY**
400 North Walnut Avenue
Oklahoma City, OK 73104
Tel: (405) 239-6040
Fax: (405) 239-6766
etalley@ryanwhaley.com

***Attorneys for Defendant***
***Boston Digital Enterprises, LLC***

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the May 14, 2026, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing.  Based on the records currently on file, in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

*/s/ Evan W. Talley*
Evan W. Talley

13

## GENERATIVE ARTIFICIAL INTELLIGENCE (AI) CERTIFICATION

Pursuant to the Court's Chamber Rules for the Disclosure and Certification for Generative Artificial Intelligence, the undersigned certifies that no generative artificial intelligence tool was used in the preparation of this document.

/s/ Evan W. Talley
Evan W. Talley

14