**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ALEXANDRA DUGAN,<br><br>Plaintiff,<br><br>v.<br><br>EXERGEN CORPORATION, a Massachusetts Corporation,<br><br>Defendant. | ) | Case No. CIV-25-157-SLP |

**DEFENDANT EXERGEN CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT**

Defendant, Exergen Corporation ("Exergen"), answers and asserts affirmative defenses to Plaintiff Alexandra Dugan's ("Plaintiff" or "Ms. Dugan") Amended Complaint [Doc. 25] ("Amended Complaint") as follows:

1. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Amended Complaint and therefore denies the same.

2. With respect to the second paragraph of the Amended Complaint, Exergen admits only that it is a for-profit corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 400 Pleasant Street, Watertown, Massachusetts 02472, and that it advertises and sells thermometers among other products on its website at www.exergen.com. To the extent a further answer is required, Exergen admits to appearing voluntarily before

this Court by filing an answer to the complaint on April 21, 2025. Exergen denies the remaining allegations in paragraph 2 of the Amended Complaint.

3. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Amended Complaint and therefore denies the same. Exergen further states that the allegations of paragraph 3 of the Amended Complaint are directed to former Defendant Boston Digital and the appearance of "Boston Digital Exergen" is understood to be a typographical error.

4. With respect to the fourth paragraph of the Amended Complaint, the paragraph states a legal conclusion to which no response is required. To the extent a response is required, Exergen admits only that the parties are diverse. Exergen denies that there is an amount in controversy that exceeds $75,000. Exergen denies the remaining allegations in paragraph 4 of the Amended Complaint.

5. With respect to the fifth paragraph of the Amended Complaint, the paragraph states a legal conclusion to which no response is required. To the extent a response is required, Exergen admits only that this Court has exclusive subject matter jurisdiction over all claims. Exergen denies the remaining allegations in paragraph 5 of the Amended Complaint.

6. With respect to the sixth paragraph of the complaint, the paragraph states legal conclusions to which no response is required. To the extent an answer is required, Exergen, solely for purposes of this action, admits only that venue is permitted in this District along with other venues and further states that the District of Massachusetts is a better forum for the convenience of the parties and witnesses in this action and would

better serve the interests of justice. Both Exergen and Defendant Boston Digital, which has been dismissed from this action for lack of personal jurisdiction, subject to a pending motion for reconsideration, are located in the Commonwealth of Massachusetts. Exergen denies the remaining allegations of paragraph 6 of the Amended Complaint and specifically denies that Exergen has committed any acts in this District that may give rise to this action.

7. Exergen denies the allegations in paragraph 7 of the Amended Complaint.

8. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Amended Complaint and therefore denies the same.

9. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Amended Complaint and therefore denies the same.

10. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Amended Complaint and therefore denies the same.

11. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Amended Complaint and therefore denies the same.

12. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Amended Complaint and therefore

denies the same. Exergen further states that the appearance of "clint" is understood to be a typographical error.

13. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Amended Complaint and therefore denies the same.

14. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Amended Complaint and therefore denies the same.

15. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Amended Complaint and therefore denies the same.

16. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Amended Complaint and therefore denies the same.

17. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Amended Complaint and therefore denies the same.

18. With respect to the eighteenth paragraph of the Amended Complaint, Exergen denies the allegations to the extent that they purport to characterize Mr. Wilson as a representative or agent of Exergen. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of the Amended Complaint and therefore denies the same.

19. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint and therefore denies the same.

20. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Amended Complaint and therefore denies the same.

21. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Amended Complaint and therefore denies the same.

22. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Amended Complaint and therefore denies the same.

23. With respect to the twenty-third paragraph of the Amended Complaint, Exergen admits only that Michelle Rico is an employee of Exergen and that Ms. Rico sent an email to Mr. Brockman and Mr. Blumenthal on August 13, 2024. Exergen denies Plaintiff's characterizations, in paragraph 23 of the Amended Complaint, of statements that appear in the August 13, 2024, email. Exergen further admits that Ms. Rico was in contact with Ms. Dugan. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Amended Complaint and therefore denies the same.

24. With respect to the twenty-fourth paragraph of the Amended Complaint, Exergen admits only that when Ms. Rico was in contact with Ms. Dugan, Ms. Rico did

not request a pin and that Ms. Dugan did not provide a pin to Ms. Rico. Exergen denies the remaining allegations in paragraph 24 of the Amended Complaint.

25. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Amended Complaint and therefore denies the same.

26. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Amended Complaint and therefore denies the same.

27. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Amended Complaint and therefore denies the same.

28. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Amended Complaint and therefore denies the same.

29. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Amended Complaint and therefore denies the same.

30. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Amended Complaint and therefore denies the same.

31. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Amended Complaint and therefore denies the same.

32. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Amended Complaint and therefore denies the same.

33. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Amended Complaint and therefore denies the same.

34. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Amended Complaint and therefore denies the same.

35. With respect to the thirty-fifth paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations as to “Defendants.” Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 35 of the Amended Complaint, Exergen admits only that, as of February 4, 2025, the date of the original complaint, two of the photographs identified by the plaintiff as “Dugan Photographs” were visible on Exergen’s website. To the extent a further response is required, Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the Amended Complaint and therefore denies the same.

36. With respect to the thirty-sixth paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations as to "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 36 of the Amended Complaint, Exergen denies as to Exergen. To the extent a further response is required, Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 of the Amended Complaint and therefore denies the same.

37. With respect to the thirty-seventh paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations as to "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 37, Exergen denies as to Exergen. To the extent a further response is required, Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 of the Amended Complaint and therefore denies the same.

38. With respect to the thirty-eighth paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations as to "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 38, Exergen denies as to Exergen. To the extent a further response is required, Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 of the Amended Complaint and therefore denies the same.

39. With respect to the thirty-ninth paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations as to "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 39, Exergen denies as to Exergen. To the extent a further response is required, Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 of the Amended Complaint and therefore denies the same.

40. With respect to the fortieth paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations as to "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 40, Exergen denies as to Exergen. To the extent a further response is required, Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 of the Amended Complaint and therefore denies the same.

41. With respect to the forty-first paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations as to "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 41, Exergen admits only that it is not aware of a license or authorization granted by Plaintiff to defendants. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 of the Amended Complaint and therefore denies the same.

42. With respect to the forty-second paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations as to "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 42, Exergen admits only that it is not aware of permission being granted to Defendants concerning modification of any photographs. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 of the Amended Complaint and therefore denies the same.

43. With respect to the forty-third paragraph of the Amended Complaint, Exergen admits only that it has not paid Plaintiff and denies that payment was or is due from Exergen to Plaintiff. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 of the Amended Complaint and therefore denies the same.

44. With respect to the forty-fourth paragraph of the Amended Complaint, Exergen admits only that Exergen did not request authorization from Plaintiff to alter any photographs. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 of the Amended Complaint and therefore denies the same.

45. With respect to the forty-fifth paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations as to "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 45 of the Amended Complaint, Exergen denies the allegations as to Exergen. Exergen lacks knowledge or information sufficient to form a belief as to the truth of

the remaining allegations in Paragraph 45 of the Amended Complaint and therefore denies the same.

46. With respect to the forty-sixth paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations as to "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 46 of the Amended Complaint, Exergen denies as to Exergen. To the extent a further response is required, Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 of the Amended Complaint and therefore denies the same.

47. With respect to the forty-seventh paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations as to "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 47 of the Amended Complaint, Exergen denies as to Exergen. To the extent a further response is required, Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 of the Amended Complaint and therefore denies the same.

48. With respect to the forty-eighth paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations as to "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 48 of the Amended Complaint, Exergen denies the allegations as to Exergen. To the extent a further response is required, Exergen lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in paragraph 48 of the Amended Complaint and therefore denies the same.

49. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Amended Complaint and therefore denies the same.

50. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Amended Complaint and therefore denies the same.

51. Paragraph 51 states a legal conclusion to which no response is required. To the extent a response is required, Exergen denies the allegations in paragraph 51 of the Amended Complaint.

52. Exergen repeats and realleges paragraphs 1 through 51 of this Answer and Affirmative Defenses as if they were fully set forth.

53. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Amended Complaint and therefore denies the same.

54. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Amended Complaint and therefore denies the same.

55. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Amended Complaint and therefore denies the same.

56. With respect to the fifty-sixth paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations concerning "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 56 of the Amended Complaint, Exergen denies the allegation as to Exergen. To the extent a further response is required, Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 of the Amended Complaint and therefore denies the same.

57. With respect to the fifty-seventh paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations concerning "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 57 of the Amended Complaint, Exergen denies the allegations as to Exergen. To the extent a further response is required, Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 of the Amended Complaint and therefore denies the same.

58. Paragraph 58 states a legal conclusion to which no response is required. To the extent a response is required, Exergen denies the allegations of Paragraph 58 of the Amended Complaint.

59. With respect to the fifty-ninth paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations concerning "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 59 of the Amended Complaint, Exergen denies the allegations as to Exergen. To the extent a further response is required, Exergen lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59 and therefore denies the same.

60. With respect to the sixtieth paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations concerning "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 60 of the Amended Complaint, this paragraph states a legal conclusion to which no response is required. To the extent a response is required, Exergen denies the allegations as to Exergen. To the extent a further response is required, Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60 of the Amended Complaint and therefore denies the same.

61. With respect to the sixty-first paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations concerning "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. Exergen denies the allegations as to Exergen. To the extent a further response is required, Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61 of the Amended Complaint and therefore denies the same.

62. Exergen denies the allegations in paragraph 62 of the Amended Complaint.

63. With respect to the sixty-third paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations concerning "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 63 of the Amended Complaint, Exergen denies the allegations as to Exergen. To the extent a further response is required, Exergen lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 63 of the Amended Complaint and therefore denies the same.

64. Exergen denies the allegations in paragraph 64 of the Amended Complaint.

65. Exergen denies the allegations in paragraph 65 of the Amended Complaint.

66. Exergen denies the allegations in paragraph 66 of the Amended Complaint.

67. Exergen denies the allegations in paragraph 67 of the Amended Complaint.

68. Exergen repeats and realleges paragraphs 1 through 67 of this Answer and Affirmative Defenses as if they were fully set forth.

69. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Amended Complaint and therefore denies the same.

70. With respect to the seventieth paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations concerning "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 70 of the Amended Complaint, Exergen denies the allegations as to Exergen. To the extent a further response is required, Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70 and therefore denies the same.

71. With respect to the seventy-first paragraph of the Amended Complaint, the paragraph makes allegations concerning "Defendant's infringing conduct." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 71 of the Amended Complaint, Exergen denies the

allegations as to Exergen. To the extent a further response is required, Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71 and therefore denies the same.

72. With respect to the seventy-second paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations concerning "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 72 of the Amended Complaint, Exergen denies the allegations as to Exergen. To the extent a further response is required, Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72 and therefore denies the same.

73. Exergen repeats and realleges paragraphs 1 through 72 of this Answer and Affirmative Defenses as if they were fully set forth.

74. Exergen denies the allegations in paragraph 74 of the Amended Complaint.

75. Exergen denies the allegations in paragraph 75 of the Amended Complaint.

76. Exergen denies the allegations in paragraph 76 of the Amended Complaint.

77. Exergen denies the allegations in paragraph 77 of the Amended Complaint.

78. Exergen repeats and realleges paragraphs 1 through 77 of this Answer and Affirmative Defenses as if they were fully set forth.

79. Exergen denies the allegations in paragraph 79 of the Amended Complaint.

80. Exergen denies the allegations in paragraph 80 of the Amended Complaint.

81. Exergen denies the allegations in paragraph 81 of the Amended Complaint.

82. Exergen denies the allegations in paragraph 82 of the Amended Complaint.

83. Exergen repeats and realleges paragraphs 1 through 82 of this Answer and Affirmative Defenses as if they were fully set forth.

84. Exergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and therefore denies the same.

85. With respect to the eighty-fifth paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations concerning "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 85 of the Amended Complaint, Exergen denies the allegations as to Exergen. To the extent a further response is required, Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85 and therefore denies the same.

86. With respect to the eighty-sixth paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations concerning "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response

to paragraph 86 of the Amended Complaint, Exergen denies the allegations as to Exergen. To the extent a further response is required, Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86 and therefore denies the same.

87. With respect to the eighty-seventh paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations concerning "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 87 of the Amended Complaint, Exergen denies the allegations as to Exergen. To the extent a further response is required, Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87 and therefore denies the same.

88. Exergen repeats and realleges paragraphs 1 through 87 of this Answer and Affirmative Defenses as if they were fully set forth.

89. Exergen denies the allegations in paragraph 89 of the Amended Complaint.

90. Exergen denies the allegations in paragraph 90 of the Amended Complaint.

91. Exergen denies the allegations in paragraph 91 of the Amended Complaint.

92. Exergen denies the allegations in paragraph 92 of the Amended Complaint.

93. Exergen repeats and realleges paragraphs 1 through 92 of this Answer and Affirmative Defenses as if they were fully set forth.

94. Exergen denies the allegations in paragraph 94 of the Amended Complaint.

95. Exergen denies the allegations in paragraph 95 of the Amended Complaint.

96. Exergen denies the allegations in paragraph 96 of the Amended Complaint.

97. Exergen denies the allegations in paragraph 97 of the Amended Complaint.

98. Exergen repeats and realleges paragraphs 1 through 97 of this Answer and Affirmative Defenses as if they were fully set forth.

99. The Court dismissed the claim to which the allegations in Paragraph 99 pertain on March 30, 2026. No response is required.

100. The Court dismissed the claim to which the allegations in Paragraph 100 pertain on March 30, 2026. No response is required.

101. The Court dismissed the claim to which the allegations in Paragraph 101 pertain on March 30, 2026. No response is required.

102. The Court dismissed the claim to which the allegations in Paragraph 102 pertain on March 30, 2026. No response is required.

103. The Court dismissed the claim to which the allegations in Paragraph 103 pertain on March 30, 2026. No response is required.

104. Exergen repeats and realleges paragraphs 1 through 103 of this Answer and Affirmative Defenses as if they were fully set forth.

105. With respect to the 105th paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations concerning "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 105 of the Amended Complaint, Exergen denies the allegations as to Exergen. To the extent a further response is required, Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105 and therefore denies the same.

106. With respect to the 106th paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations concerning "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 106 of the Amended Complaint, Exergen denies the allegations as to Exergen. To the extent a further response is required, Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 106 and therefore denies the same.

107. With respect to the 107th paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations concerning "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 107 of the Amended Complaint, Exergen denies the allegations as to Exergen. To the extent a further response is required, Exergen lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107 and therefore denies the same.

108. With respect to the 108th paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations concerning "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 108 of the Amended Complaint, Exergen denies as to Exergen. To the extent a further response is required, Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108 and therefore denies the same.

109. With respect to the 109th paragraph of the Amended Complaint, the paragraph makes undifferentiated allegations concerning "Defendants." Exergen is the only defendant in this action; Boston Digital has been dismissed. In further response to paragraph 109 of the Amended Complaint, Exergen denies the allegations as to Exergen. To the extent a further response is required, Exergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 109 and therefore denies the same.

110. Exergen repeats and realleges paragraphs 1 through 109 of this Answer and Affirmative Defenses as if they were fully set forth. [1]

111. The Court dismissed the claim to which the allegations in Paragraph 111 pertain on March 30, 2026. No response is required.

---

[1] The Amended Complaint labels two claims "Claim 9." In this Answer, the second time "Claim 9" is used, it is labeled "Claim 9 (2nd Occurrence)" to avoid confusion.

112. The Court dismissed the claim to which the allegations in Paragraph 112 pertain on March 30, 2026. No response is required.

113. The Court dismissed the claim to which the allegations in Paragraph 113 pertain on March 30, 2026. No response is required.

114. The Court dismissed the claim to which the allegations in Paragraph 114 pertain on March 30, 2026. No response is required.

The paragraph beginning "WHEREFORE" and subparagraphs "a" through "k" on pages 26 and 27 of the First Amended Complaint constitute prayers for relief from "Defendants" to which no response is required. To the extent a response is required, Exergen denies Plaintiff is entitled to any relief on her claims as against Exergen, including but not limited to the requested relief.

## AFFIRMATIVE DEFENSES

Exergen asserts the following defenses and reasserts its answers to each and every paragraph of the Amended Complaint, as set forth above, incorporating them by reference herein. By pleading these defenses, Exergen does not concede that it has the burden of proof or persuasion on any of these issues, such determination to be made by applicable law. Exergen reserves the right to amend its answer to assert additional defenses if appropriate in light of information disclosed during discovery.

### FIRST AFFIRMATIVE DEFENSE

1. The Amended Complaint and each Claim thereof fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff Alexandra Dugan has not been damaged in any manner or amount by reason of any act alleged against Exergen and as a result the relief sought cannot be granted.

THIRD AFFIRMATIVE DEFENSE

3. The Amended Complaint and each Claim thereof are barred in whole or in part because Plaintiff's photographs have no degree of creativity capable of copyright protection.

FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims against Exergen are negated in whole or in part by the comparative fault of third parties over whom Exergen had no control.

FIFTH AFFIRMATIVE DEFENSE

5. The Amended Complaint and each Claim thereof are barred in whole or in part by the doctrine of merger.

SIXTH AFFIRMATIVE DEFENSE

6. The Amended Complaint and each Claim thereof are barred in whole or in part by the doctrine of fair use.

SEVENTH AFFIRMATIVE DEFENSE

7. The Amended Complaint and each Claim thereof are barred in whole or in part due to failure to make registration of works allegedly infringed before institution of this copyright action by filing the complaint on February 4, 2025. *See* 17 U.S.C. § 411(a); *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 586 U.S. 296 (2019).

The Amended Complaint filed on May 12, 2025, to add allegations of copyright infringement did not remedy the failure to make registration before the present action was instituted. *See Fry Design Co., LLC v. Barndo Co. LLC*, 823 F. Supp. 3d 573, 582 (E.D.N.C. 2026); *Evans v. Robertson*, No. 24-cv-13435, 2026 U.S. Dist. LEXIS 91053, at *7 (E.D. Mich. Feb. 9, 2026); *M.V. Music v. V.P. Records Retail Outlet, Inc.*, 653 F. Supp. 3d 31, 42 (E.D.N.Y. 2023); *Stringer v. Richard*, No. 4:21-cv-00632, 2022 U.S. Dist. LEXIS 142968, at *2 (N.D. Ohio Aug. 10, 2022); *Rawls v. Paradise Artists, Inc*, No. 3:18-0417, 2020 U.S. Dist. LEXIS 53818, at *5-6 (M.D. Tenn. Mar 27, 2020).

EIGHTH AFFIRMATIVE DEFENSE

8. The Amended Complaint and each claim thereof fail to state a claim as a result of failure to join Boston Digital, a necessary party.

NINTH AFFIRMATIVE DEFENSE

9. The Amended Complaint and each claim thereof are barred in whole or in part because no contract was formed between Plaintiff and Exergen.

TENTH AFFIRMATIVE DEFENSE

10. The Amended Complaint and each claim thereof are barred in whole or in part due to a failure of consideration.

## PRAYERS FOR RELIEF

WHEREFORE, Exergen respectfully requests that this Court:

A. Enter judgment in this action in favor of Exergen and against Plaintiff;

B. Award Exergen attorneys’ fees and costs, as provided in 17 U.S.C. § 505 and otherwise according to law;

C. Award Exergen such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

EXERGEN REQUESTS A TRIAL BY JURY.

Dated: August 21, 2026

Respectfully submitted,

/s/ Anthony Hendricks
David M. Sullivan, OBA #18851
Anthony Hendricks, OBA #31083
CROWE DUNLEVY
A Professional Corporation
Braniff Building
324 N. Robinson Ave. Suite 100
Oklahoma City, OK 73102-8273
(404) 235-7700
(405) 239-6651 (Facsimile)
david.sullivan@crowedunlevy.com
anthony.hendricks@crowedunlevy.com

AND

Susan G. L. Glovsky (BBO# 195880) (admitted *Pro Hac Vice*)
Benjamin H. Silvers (BBO#715739) (admitted *Pro Hac vice*)
Hamilton, Brook, Smith & Reynolds, P.C.
155 Seaport Blvd.
Boston, MA 02210
Telephone: 617-607-5900
Fax: 978-341-0136
susan.glovsky@hbsr.com
benjamin.silvers@hbsr.com

*Attorneys for Defendant Exergen Corporation*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 21, 2026 the foregoing DEFENDANT EXERGEN CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT was electronically filed using the Court's CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

/s/ Anthony Hendricks
Anthony Hendricks