# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **Alexandra Dugan**, an individual,<br>Plaintiff,<br>v.<br>**Exergen Corporation**, a Massachusetts Corporation,<br>Defendant. | Case No.: CIV-25-157-SLP |

## Plaintiff's Combined Response in Opposition to Defendant Exergen Corporation's Motion [Doc. No. 66] and Second Motion [Doc. No. 68] for Partial Judgment on the Pleadings

Exergen's Motion for Judgment on the Pleadings [Doc. No. 66] (the "Motion") and its Second Motion for Partial Judgment on the Pleadings [Doc. No. 68] (the "Second Motion") (together, the "Motions") ask for judgment on Claims 2 through 7 on the theory that Ms. Dugan failed to satisfy 17 U.S.C. § 411(a)'s registration precondition before instituting her infringement claims, and for judgment on Claim 1 on the theory that it does not plead a DMCA claim against Exergen with the specificity Rule 8 requires.

Exergen's § 411(a) argument is built for a plaintiff who sued for infringement first and registered later. Ms. Dugan is not that plaintiff. Ms. Dugan registered her copyrights before she plead any claim for infringement. So, the § 411(a) defect on which the Motions rest never existed.

Exergen attempts to sidestep this inconvenient truth and argues that Ms. Dugan's original Complaint instituted a "civil action for infringement" **despite Exergen admitting it states no claim for infringement.** Other courts faced with the same factual situation as here have rejected Exergen's arguments.

Further, the Motions are an improper method for obtaining the relief Exergen seeks. While Exergen requests a judgment on the merits, the defects of which it complains never

touch the merits of any claim. Neither defect, if it existed, would be beyond cure. A curable, non-merits defect cannot support a merits judgment.

Of the three opinions Exergen attached to its motion, none awarded the relief the Motions request: a judgment on the merits. The Motions ask this Court to award what its own proffered authorities refused. The Court should respond by refusing to award that relief and deny the Motions.

Finally, the Motions (rather meagerly) attempt to make a Rule 8 deficiency argument. Again, Exergen seeks a judgment on the merits, but with even less support. **Exergen cites no case from any court for its contention that Claim 1's allegations fail Rule 8(a)(2)**. The paragraphs it calls "vague" identify the following: the photographs, the copyright management information each carried, the dates Defendants obtained them, and the pages of Exergen's own website where the altered versions appeared. Notably, Exergen answered every one of those paragraphs the same day it filed the Motions.[1]

The Court should deny both of the Motions in full. If the Court perceives any defect in Claims 2 through 7, Exergen's own authorities prescribe supplementation under Rule 15(d) — or, at the outside, dismissal without prejudice. What this record and the law cannot support is a judgment on the merits.

[1] After the Motion was filed, Exergen filed an Amended Answer [Doc. No. 67] and a Second Motion for Partial Judgment on the Pleadings [Doc. No. 68], both on September 2, 2026. The Second Motion presents the same two arguments in the same words; its only addition is a sentence noting the Amended Answer. *Compare* Mot. [Doc. No. 66] at 2–5, *with* Second Mot. [Doc. No. 68] at 2–5. Exergen has not withdrawn the Motion, so both are pending. This Response answers both. Because the Second Motion repeats the Motion nearly verbatim, references in this Response to "the Motion" apply equally to the Second Motion, and parallel citations to the Second Motion are supplied where its pagination differs.

## I. Background

Alexandra Dugan is a professional photographer. First Am. Compl. [Doc. No. 25] ¶¶ 1, 53–54. She embedded copyright management information (a copyright notice, her name, and identifying metadata) in five images that were delivered to Exergen. *Id.* ¶¶ 19–21. Two of the five images are the registered works underlying Claims 2 through 7. *Id.* ¶¶ 49, 69, 84. Those very same images later appeared, cropped and modified, on the website Exergen uses to market its products, with the copyright management information removed or altered. *Id.* ¶¶ 35–40. Exergen admits that, as of February 4, 2025, two of the Dugan Photographs "were visible on Exergen's website." Answer [Doc. No. 65] ¶ 35; Am. Answer [Doc. No. 67] ¶ 35. Exergen also admits that it has not paid her for the use or alteration of her photographs. Answer [Doc. No. 65] ¶ 43; Am. Answer [Doc. No. 67] ¶ 43.

On February 4, 2025, Ms. Dugan filed her initial Complaint and plead exactly one claim: alteration and removal of copyright management information under the DMCA, 17 U.S.C. § 1202. Compl. [Doc. No. 1] ¶¶ 42–57. The same pleading disclosed her pending registration applications, *id.* ¶ 40 and told Defendants and the Court what she would do next: she would "seek to amend this complaint to add claims for copyright infringement when the U.S. Copyright Office issues certificates of registration." *Id.* ¶ 41.

The certificates issued on March 10, 2025 (Registration Nos. VAu 1-546-630 and VAu 1-546-631) each is effective December 20, 2024. First Am. Compl. [Doc. No. 25] ¶¶ 49, 69, 84; *see* 17 U.S.C. § 410(d). Thus, registration was made prior to the first infringement claims added in the FAC, and effective six weeks before this lawsuit existed. *Compare* First Am. Compl. [Doc. No. 25] ¶¶ 49, 69, 84 (effective date of December 20, 2024), *with* Compl. [Doc. No. 1] (filed February 4, 2025).

On May 12, 2025, Ms. Dugan filed the First Amended Complaint [Doc. No. 25], and added Claims 2 through 7 for the two registered works and no infringement claim for the works still pending registration. *Id.* ¶¶ 50–51. No leave was required or sought, and no party moved to strike; the Court instead struck Boston Digital's then-pending motion to dismiss "[i]n light of the filing of Plaintiff's First Amended Complaint" [Doc. No. 26], and Exergen later obtained leave to answer it. [Doc. Nos. 58, 62].

The Court's March 30, 2026 Order dismissed Counts 8 and 10 and denied Exergen's *first* Rule 12 motion as to Counts 3, 4, 6, 7, and 9. Order [Doc. No. 47] at 14. Exergen did not move against Counts 1, 2, or 5 at all. *Id.* at 2 ("Exergen has not moved for dismissal of Plaintiff's DMCA claim and direct copyright infringement claims (Counts 1, 2 and 5).").

Exergen's Answer to the First Amended Complaint and the Motion arrived together, on August 21, 2026. Answer [Doc. No. 65]; Mot. [Doc. No. 66]. On September 2, 2026, Exergen filed an Amended Answer [Doc. No. 67] and the Second Motion [Doc. No. 68].

## II. Standard of Decision

A Rule 12(c) motion is evaluated under the Rule 12(b)(6) standard. *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000); *Cai v. Huntsman Corp.*, 810 F. App'x 639, 641 (10th Cir. 2020) (unpublished). The Court accepts the well-plead allegations as true and construes them in the plaintiff's favor. *Aspenwood Inv. Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004). The question is whether the pleading "allege[s] 'a claim to relief that is plausible on its face.'" *Sanchez v. U.S. Dep't of Energy*, 870 F.3d 1185, 1199 (10th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Rule 12(c) differs from Rule 12(b)(6) in the relief it yields. It yields judgment, not dismissal. Judgment on the pleadings "should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is

entitled to judgment as a matter of law.'" *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading*, 442 F.3d 1239, 1244 (10th Cir. 2006) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). Exergen therefore must clearly establish, from the pleadings alone, that it is entitled to the judgment it requests.

## III. Discussion

### A. Section 411(a) Was Satisfied: Registration Was Made Before Any Infringement Claim Was Pleaded

#### 1. *Section 411(a) Restrains the Institution of a "Civil Action for Infringement," and the Original Complaint Instituted No Such Action*

Section 411(a) provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). The statute restrains one act: instituting a civil action for infringement. A lawsuit that pleads no infringement claim is outside its terms.

The action instituted on February 4, 2025, plead no infringement claim. It plead a single claim, for removal and alteration of copyright management information under 17 U.S.C. § 1202. Compl. [Doc. No. 1] ¶¶ 42–57. A claim under 17 U.S.C. § 1202 imposes no registration precondition. *See, e.g.*, *Gattoni v. Tibi, LLC*, 254 F. Supp. 3d 659, 663–64 (S.D.N.Y. 2017) (dismissing an infringement claim for want of registration while declining to dismiss the § 1202(b) claim and holding that: "the fact that an application for copyright is pending is not a bar to a DMCA action"). That is why the Complaint could be filed with a single § 1202 claim while the applications were pending, and why it could say so openly — disclosing the applications and promising the infringement claims for when the certificates issued. *Id.* ¶¶ 40–41.

### 2. *Registration is Made When the Initial Complaint Is Amended to Plead Infringement Claims for the First Time*

Registration was made on March 10, 2025. The infringement claims were first plead on May 12, 2025. First Am. Compl. [Doc. No. 25] ¶¶ 49, 69, 84. The civil action for infringement was therefore instituted after registration had been made, which is all § 411(a) requires. The District of Utah so held on materially identical facts. The plaintiff in *Martin* sued on non-copyright claims, registered, and then added infringement claims by amendment. The court denied a § 411(a) dismissal because the plaintiff "did not 'institute' an action for copyright infringement until she filed the FAC. Indeed, the filing of the FAC marks the point at which this case evolved into a copyright infringement action." *Martin v. SGT, Inc.*, No. 2:19-cv-00289-RJS, slip op. at 23 (D. Utah Apr. 21, 2020) (Ex. 1).

Exergen principally relies on *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 299 (2019) for the proposition that Ms. Dugan "did not make registration of copyrights for the disputed works before initiating this lawsuit." Mot. [Doc. No. 66] at 1; Second Mot. [Doc. No. 68] at 2. *Fourth Estate* holds that "registration . . . has been made" under § 411(a) when the Copyright Office registers the copyright, not when the owner applies, so an infringement suit filed while an application is pending is premature. 586 U.S. 296, 299 (2019). The dismissal cases that followed it involved exactly that: infringement claims plead before registration issued. *Martin*, slip op. at 22 & n.134. Here, to the contrary, Ms. Dugan did not file the infringement claims before registration. That distinction is a bright line between Ms. Dugan's claims, and every authority Exergen cites.

Other courts draw the same line. The Southern District of New York recently observed that "some federal courts have allowed plaintiffs to amend a complaint to include copyright infringement claims for works registered after the initial complaint was filed, where the underlying complaint did not include infringement claims for those works," and

explained that the dismissal cases are different because, in each of them, "the initial complaint included claims for works that were not yet registered." *Dow Jones & Co. v. Perplexity AI, Inc.*, 797 F. Supp. 3d 305, 341 (S.D.N.Y. 2025) (citing *Philips N. Am. LLC v. KPI Healthcare Inc.*, No. SACV 19-1765 (JVS) (JDEx), 2020 WL 3032765, at *3 (C.D. Cal. Jan. 24, 2020), and *Lehrman v. Lovo, Inc.*, No. 24 Civ. 3770 (JPO), 2025 WL 1902547, at *15 (S.D.N.Y. July 10, 2025)). *Lehrman* declined to dismiss infringement claims added by amendment because the plaintiffs "**did not 'institut[e]' a 'civil action for infringement of the copyright' before registering their copyrights . . . as the original complaint in this action did not include any copyright claims.**" *Lehrman*, 2025 WL 1902547, at *15 (emphasis added). The Northern District of California agrees that *Fourth Estate* "does not preclude the amendment of an existing lawsuit to add a newly asserted claim for copyright infringement as long as the copyright issued before the amendment asserting the infringement claim was filed," because "[t]o hold otherwise would favor form over function." *Dolby Labs. Licensing Corp. v. Roku, Inc.*, No. 5:24-cv-04660-EJD, 2025 U.S. Dist. LEXIS 138148, at *26–27 (N.D. Cal. July 18, 2025) (quoting *Philips*, 2020 WL 3032765, at *3).

The § 411(a) dismissal cases concede this bright line distinction. *Pain Management Technologies* distinguished the courts that "have allowed an amendment to add newly asserted copyright claims that matured after the initial complaint" because those claims "were not included in the initial complaint." *Pain Mgmt. Techs., Inc. v. Protocol Sols. LLC*, No. 1:25-cv-00796-PAB, slip op. at 12 n.5 (N.D. Ohio Apr. 27, 2026) (quoting *Bureau Fashion Week LLC v. Nataliya Nova LLC*, No. 2:24-cv-233-GMN-EJY, 2025 WL 720992, at *2 (D. Nev. Mar. 5, 2025)). *Bureau Fashion Week* rested on the absence of any case permitting amendment of "an existing claim that was brought pre-registration." *Bureau Fashion Week*, 2025 WL 720992, at

*7. Ms. Dugan brought no claim brought pre-registration. Her infringement claims were first plead post-registration — the category those very cases set aside.

Nothing about the amendment changes the analysis. The amendment was of right. Exergen served its Answer on April 21, 2025, [Doc. No. 20], Boston Digital served its Rule 12(b)(2) motion the same day, [Doc. No. 21], and the First Amended Complaint followed on May 12, 2025. Fed. R. Civ. P. 15(a)(1)(B). No futility, delay, or prejudice inquiry applied, and none was invoked. The FAC added infringement claims only for the two registered works — none for the works whose applications remained pending. First Am. Compl. [Doc. No. 25] ¶¶ 50–51. The authority that reached this question is in accord: Ms. Dugan instituted her action for infringement after the copyrights were registered.

*3. Exergen's Authorities Are Premature-Claim Cases; This Is Not One*

Each decision Exergen cites in support of its Motions involve plaintiffs who plead infringement first and registered later or never registered at all.

*Evans* is the latter. Its plaintiff applied to register three days before filing an action pleading infringement, and the Copyright Office then refused the application, so there was never a registration to plead. *Evans v. Robertson*, No. 24-cv-13435, 2026 U.S. Dist. LEXIS 91053, at *6–7 (E.D. Mich. Feb. 9, 2026) (Mot. Ex. A). Whatever *Evans* says about a plaintiff with nothing to cure, it says nothing about a plaintiff holding two issued certificates that predate her infringement claims by two months.

*Stringer* refused a supplement sought months past the scheduling-order amendment deadline, where "[b]oth parties have completed substantial discovery and Defendant's motion for summary judgment is fully briefed." *Stringer v. Richard*, No. 4:21-cv-00632, 2022 U.S. Dist. LEXIS 142968, at *4–5 (N.D. Ohio Aug. 10, 2022) (Mot. Ex. B). That is a Rule 15 discretion holding about delay. Its facts are the opposite of this record: Ms. Dugan amended

as of right, within the window, before any scheduling order, discovery, or dispositive motion existed.

*Rawls* unwound an amendment on a third amended complaint, two years into the case, and acknowledged what the outcome cost. The court noted its own earlier statements "that the interests of judicial economy would be best served by simply allowing Plaintiff to amend her complaint to comply with section 411(a)," and wrote that "[a]s a purely practical outcome, that may well still be supportable." *Rawls v. Paradise Artists, Inc.*, No. 3:18-0417, 2020 U.S. Dist. LEXIS 53818, at *14–15 n.9 (M.D. Tenn. Mar. 27, 2020) (Mot. Ex. C).

*M.V. Music* was a preliminary-injunction denial on Rule 52 findings, not a Rule 12 ruling, and it noted that "Plaintiffs have not pointed to any legal authority to the contrary." *M.V. Music v. V.P. Records Retail Outlet, Inc.*, 653 F. Supp. 3d 31, 42 (E.D.N.Y. 2023). Further, the authority in this Response was never briefed to it.

*Fry Design* is the one decision Exergen cites in which infringement claims were added after registration. *Fry Design Co., LLC v. Barndo Co. LLC*, 823 F. Supp. 3d 573 (E.D.N.C. 2026). Its sentence — "a plaintiff cannot cure the failure to register a copyright in advance of filing a lawsuit through amendment," *id.* at 582 — is the strongest language in the Motion. Two features of the decision, however, confine its reach.

First, *Fry* was a futility ruling on a discretionary second amendment. Its plaintiff had already spent it's one amendment as of right — "a party generally may amend its complaint once as a matter of course. . . . Fry has done so." *Id.* at 581. The copyright amendment was available only by leave under Rule 15(a)(2), so the court asked whether it would be futile. Ms. Dugan's First Amended Complaint was her Rule 15(a)(1) amendment. No leave was needed, and no futility inquiry applies to an amendment of right.

Second, *Fry*'s facts drove its outcome. The court stressed that "[t]ellingly, Fry does not allege in any filing that it preregistered or registered any work at issue before it filed suit," and that pleading ownership does not help because "ownership is not registration." *Id.* at 582. By then the court had dismissed both of Fry's § 1202 claims, so Fry was amending into an empty case: "But no claims remain." *Id.* Every one of those facts is inverted here — applications filed before suit, registrations effective December 20, 2024, and a live case in which Claim 9 stands outside the Motion and Claim 1 is challenged only on notice grounds.

Its later history shows how little it decided: within two weeks, Fry refiled its copyright claims in a new action, which remains pending in the same court. *Fry Design Co., LLC v. Barndo Co. LLC*, No. 5:26-cv-00192 (E.D.N.C. filed Mar. 26, 2026). Exergen's best authority produced no merits judgment for anyone. It produced a do-over.

### B. A § 411(a) Defect, If One Existed, Would Not Support Judgment on the Merits

Even if § 411(a) had not been satisfied, the Motions' arguments would still fail as they seek a remedy that is unsupported by the record and therefore procedurally improper as well. Judgment on the pleadings is a disposition on the merits, and § 411(a) supplies no merits element to adjudicate. Its "registration requirement is a precondition to filing a claim that does not restrict a federal court's subject-matter jurisdiction," *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010) — "a type of precondition to suit that supports nonjurisdictional treatment," *id.* at 166, "akin to an administrative exhaustion requirement," *Fourth Estate*, 586 U.S. at 301. The Tenth Circuit has recognized as much in a case from this district. *Paycom Payroll, LLC v. Richison*, 758 F.3d 1198, 1203 (10th Cir. 2014) ("the copyright registration requirement is nonjurisdictional," and "a party may waive or forfeit the benefit of a nonjurisdictional rule"). Exergen also had this objection available to it when it moved to

dismiss the First Amended Complaint, [Doc. No. 31], because ¶ 49 has plead the March 10, 2025, registration date since May 12, 2025. *See* Fed. R. Civ. P. 12(g)(2).

Because the precondition is not a merits issue, a dismissal for failing it is not a merits dismissal. The Supreme Court held in *Costello v. United States*, 365 U.S. 265, 285–88 (1961), that a dismissal for failure to satisfy a "precondition requisite" to suit is not an adjudication on the merits, and the Tenth Circuit recognizes that rule. *Stewart Sec. Corp. v. Guaranty Trust Co.*, 597 F.2d 240, 242 (10th Cir. 1979) (describing *Costello*: a dismissal based on "failure to comply with a 'precondition requisite'" "was held not to be an adjudication on the merits under Rule 41(b), and hence not a bar to the subsequent proceeding"). The First Circuit applied *Costello* to § 411(a): a dismissal resting on the registration precondition "turns on an issue too disconnected from the merits of the underlying claim to constitute an adjudication of the claimed rights of the parties . . . ." *Foss v. E. States Exposition*, 67 F.4th 462, 467 (1st Cir. 2023). And where the plaintiff may yet satisfy the requirement, "the dismissal should be 'without prejudice.'" *Cortés-Ramos v. Martín-Morales*, 956 F.3d 36, 43 (1st Cir. 2020).

Notably, Exergen's own supplemental authority exhibits applied that very rule. *Evans* concluded its § 411(a) analysis in one sentence: "Dismissal without prejudice is thus warranted." *Evans*, 2026 U.S. Dist. LEXIS 91053, at *7. *Rawls* held that dismissal "without prejudice is the appropriate outcome," quoting the observation that a § 411(a) failure "requires dismissal of this case, albeit without prejudice." *Rawls*, 2020 U.S. Dist. LEXIS 53818, at *15–16 (quoting *Blue Book Servs., Inc. v. Farm Journal, Inc.*, No. 18-cv-07155, 2020 WL 419405, at *6 (N.D. Ill. Jan. 27, 2020)). *Stringer* denied a motion to supplement and never reached remedy. The exhibits that reached the question answered against providing the relief Exergen requests. The Motions never explain why Exergen should receive more than its own authorities were willing to give.

### C. Claim 1 States a DMCA Claim Against Exergen with the Specificity Rule 8 Requires

Exergen's Rule 8 argument occupies a handful of sentences and cites no case. In full: Claim 1 "makes undifferentiated allegations as to 'Defendants'"; "[a]llegations specific to Exergen do not appear in Claim 1"; allegations referencing Defendants "even when there were two defendants, were vague"; and "[b]ecause Boston Digital has been dismissed from this lawsuit, the term 'Defendants' is vague and inaccurate." Mot. [Doc. No. 66] at 4; Second Mot. [Doc. No. 68] at 4. No decision from any court accompanies the argument — a conspicuous absence in a motion that supports its other half with six cases and three attached opinions.

The governing standard is settled and Claim 1 satisfies it on its face. To state a claim, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Claim 1 answers each question. The photographs carried identified CMI when Defendants viewed and downloaded them. First Am. Compl. [Doc. No. 25] ¶¶ 56–58. Defendants "removed or altered the CMI from the Dugan Photographs and uploaded the modified images to Defendant Exergen's website." *Id.* ¶ 59. They acted knowingly and with intent to conceal infringement, displaying the photographs "knowing that the CMI . . . had been removed or altered." *Id.* ¶¶ 60–61. And the violated right and the remedies are identified by statute. *Id.* ¶¶ 58, 65–67. The what, when, how, and which-right are all plead — against Exergen by name, down to the location of the altered images on "Exergen's website."

The Amended Complaint also does precisely what Exergen says it fails to do: it differentiates. Paragraph 62 alleges that the Defendants "acted in concert"; ¶ 63 alleges, in

the alternative, that they "each acted independently"; ¶ 64 alleges, in the alternative, that "Boston Digital acted as an agent of Exergen." First Am. Compl. [Doc. No. 25] ¶¶ 62–64. Rule 8(d)(2) expressly permits alternative statements of a claim. An allegation that both Defendants did an act, or that each did it independently, is notice to Exergen that Exergen did it. The group-pleading concern, a defendant left guessing whether it is accused at all, has no bearing on a pleading that accuses Exergen in every alternative.

Exergen's own filings treat these paragraphs as intelligible. Answering the predecessor allegations in 2025, Exergen admitted that "on September 5, 2024, Exergen requested pricing for rights to four photographs" and that "on September 9, 2024, Ms. Dugan provided Exergen with a quote via email for licensing or purchasing the rights to use Ms. Dugan's photographs." Answer [Doc. No. 20] ¶¶ 19–20. Exergen has since answered ¶¶ 52 through 67 of the First Amended Complaint twice — on the day it filed the Motion, and again in its Amended Answer. Answer [Doc. No. 65] ¶¶ 52–67; Am. Answer [Doc. No. 67] ¶¶ 52–67. Those responses are evidence of notice. A party that can admit, deny, and interpose defenses to each paragraph of a claim has been told what it is accused of. The Amended Answer removes any remaining doubt about who is accused of what. It admits, and quotes at length, the correspondence between Ms. Dugan and Exergen's employee Michelle Rico about pricing and licensing the photographs. Am. Answer [Doc. No. 67] ¶¶ 23–29. And it specifically denies that Exergen itself removed the CMI, cropped the images, or posted them to its website, while stating that Exergen "did not direct or authorize Boston Digital" to do so. *Id.* ¶¶ 36–39. A defendant that pleads, paragraph by paragraph, what it did and did not do with the photographs understands the accusation.

## IV. Conclusion

The Motion and the Second Motion should both be denied. The Second Motion supersedes the Motion in substance, and the Motion should in the alternative be denied as moot. Section 411(a) was satisfied before any infringement claim was pleaded. A § 411(a) defect, had one existed, would not support judgment on the merits and would be curable by supplementation. And Claim 1 states a DMCA claim against Exergen with the specificity Rule 8 requires. If the Court nonetheless perceives a defect in any of Claims 2 through 7, the proper disposition is leave to supplement under Rule 15(d) or, at most, dismissal of those claims without prejudice. Ms. Dugan will move under Rule 15(d), with a proposed supplemental pleading, to allege the March 10, 2025 registrations within seven days of any order so indicating.

Dated: September 11, 2026.

Respectfully Submitted,

s/ Drew T. Palmer

Drew T. Palmer
OK Bar No. 21317
Email: drew@silverline.legal

Tynia A. McQuigg
OK Bar No. 30765
Email: tynia@silverline.legal

— Of The Firm —

Silverline Legal, PLLC
Tel: +1(405)456-0076
PO Box 230
Oklahoma City, OK 73101

**Attorneys for Plaintiff**

## INDEX OF ATTACHMENTS

Pursuant to LCvR7.1, a true and correct copy of the following decision cited in this Response and not available in a published reporter is attached:

Exhibit 1 — *Martin v. SGT, Inc.*, No. 2:19-cv-00289-RJS (D. Utah Apr. 21, 2020) (Mem. Decision & Order, ECF No. 63)

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2026 I electronically filed the foregoing Plaintiff's Combined Response in Opposition to Defendant Exergen Corporation's Motion [Doc. No. 66] and Second Motion [Doc. No. 68] for Partial Judgment on the Pleadings with the United States District Court for the Western District of Oklahoma using its Electronic Case Filing (ECF) system.

I certify that the following counsel of record are registered with the ECF System and that they will be served by that system.

1. Susan G. L. Glovsky
2. Benjamin H. Silvers
3. Anthony J. Hendricks
4. David M. Sullivan

Dated: September 11, 2026.

Respectfully Submitted,

s/ Drew T. Palmer
Drew T. Palmer

## GENERATIVE ARTIFICIAL INTELLIGENCE (AI) DISCLOSURE AND CERTIFICATION

Pursuant to the Chamber Rules regarding Disclosure and Certification Requirements for Generative Artificial Intelligence, counsel for Plaintiff hereby discloses that the following generative artificial intelligence (AI) tools were used in the preparation of this document:

- LexisAI+ Protégé
- Anthropic Claude

I have personally checked the accuracy of the document, including its citations and legal authority.

Dated: September 11, 2026.

Respectfully Submitted,

s/ Drew T. Palmer
Drew T. Palmer