**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ALEXANDRA DUGAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON DIGITAL ENTERPRISES, LLC, a Delaware Limited Liability Company; and EXERGEN CORPORATION, a Massachusetts Corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-25-157-SLP |

**O R D E R**

Before the Court is Plaintiff's Motion for Reconsideration of the Court's Order Granting Defendant Boston Digital Enterprises, LLC's Motion to Dismiss and Request for Limited Jurisdictional Discovery [Doc. No. 49] under Fed. R. Civ. P. 54(b). Defendant Boston Digital Enterprises, LLC (Boston Digital) responded, *see* [Doc. No. 51], and the matter is at issue. For the reasons articulated below, Plaintiff's Motion is DENIED.

## I. Background

The Court provides a brief summary of the procedural background relevant to the present Motion. This is a copyright action arising out of Defendants Boston Digital's and Exergen Corporation's unauthorized use of photographs which were generated by Plaintiff. On February 4, 2025, Plaintiff Alexandra Dugan filed a Complaint [Doc. No. 1], bringing federal law claims against Defendants under the Digital Millenium Copyright Act, 17 U.S.C. §§1201 *et seq.*, and the Copyright Act, 17 U.S.C. §§ 101 *et seq*, as well as several

state law claims against the Defendants. On April 21, 2025, Boston Digital filed a Motion to Dismiss for Lack of Jurisdiction [Doc. No. 21]. Plaintiff filed an Amended Complaint [Doc. No. 25] on May 12, 2025. *See* Am. Compl. [Doc. No. 25]. On May 27, 2025, Boston Digital filed a Renewed Motion to Dismiss for Lack of Personal Jurisdiction [Doc. No. 29] (Motion to Dismiss). In support of the Motion to Dismiss, Boston Digital contemporaneously filed the Amended Declaration of Charles Murphy [Doc. No. 30].[1] On June 16, 2025, Plaintiff filed a response [Doc. No. 32] and contemporaneously filed the Declaration of Alexandra Dugan [Doc. No. 33] in support. In the conclusion of her response brief, Plaintiff "requests such other and further relief as the Court deems just, including the opportunity to conduct jurisdictional discovery or an evidentiary hearing should the Court determine that any factual issue needs resolution." Resp. [Doc. No. 32] at 19. Boston Digital subsequently filed a reply [Doc. No. 36], to which Plaintiff filed a sur-reply [Doc. No. 40].

On March 26, 2026, the Court issued the now-challenged Order [Doc. No. 46], granting Boston Digital's Motion to Dismiss, as stated therein. Now, Plaintiff asks the Court to reconsider its Order.

## II. Standards for Motion to Reconsider

A motion to reconsider is not expressly recognized by the Federal Rules of Civil Procedure. *See, e.g., Warren v. Am. Bankers Ins. of FL*, 507 F.3d 1239, 1243 (10th Cir.

[1] The Declaration of Charles Murphy was amended to reflect that the location of the subject photoshoot was in Oklahoma, rather than Oregon. *See* Am. Decl. of Charles Murphy [Doc. No. 30]. In its March 26, 2026 Order [Doc. No. 46], the Court admonished Boston Digital for its prior misrepresentation. *See* Order [Doc. No. 46] at 1, n. 2.

2007); *Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Nonetheless, an interlocutory order may be revised at any time prior to the entry of a final judgment as part of the inherent powers of a district court. *See* Fed. R. Civ. P. 54(b); *Warren*, 507 F.3d at 1243. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted); *Van Skiver*, 952 F.2d at 1243.

"[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* Indeed, "[a] motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *Aceco Valves, LLC v. Neal*, No. CIV-21-368-D, 2022 WL 9497361, at *1 (W.D. Okla. Oct. 14, 2022) (citing *Matosantos Com. Corp. v. Applebee's Int'l, Inc.*, 189 F.R.D. 467, 468 (D. Kan. 1999), *aff'd,* 245 F.3d 1203 (10th Cir. 2001)). Because the conditions that justify granting a motion to reconsider are rarely present, such motions are disfavored. *See Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995) ("[A] motion for reconsideration is an extreme remedy to be granted in rare circumstances.").

## III. Discussion

Plaintiff asserts that the Court committed clear error by not considering her jurisdictional discovery request. As an initial matter, the Court notes that Plaintiff did not appropriately request jurisdictional discovery by making a threadbare request in her response brief. The Court's Local Rules require a motion to be brought independent of a response brief. *See* LCvR 7.1(c) ("Each motion filed shall be a separate document, except where otherwise allowed by law, these rules, or court order. A response to a motion may not also include a motion or a cross-motion made by the responding party."). Additionally, Courts in the Tenth Circuit have recognized that a generalized request for discovery in a response brief is insufficient to warrant jurisdictional discovery in a matter. *See*, *e.g.*, *World Wide Ass'n of Specialty Programs & Schs. v. Houlahan*, 138 F. App'x 50, 52 (10th Cir. 2005); *Nat'l Fair Hous. All. v. Brookdale Santa Fe*, 621 F. Supp. 3d 1271, 1284 (D.N.M. 2022) (finding denial jurisdictional discovery not warranted where "Plaintiff filed no [jurisdictional discovery] motion but instead made only a one-line request, almost as an afterthought, in its response to Defendants' Motion."); *see also United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280–81 (11th Cir. 2009) (cited with approval by *Spann v. Nat'l Conf. of Bar Examiners*, 166 F.4th 1201, 1207 (10th Cir. 2026)); *Cisneros v. State Farm Fire & Cas. Co.*, No. CIV-25-42-R, 2025 WL 1841864, at *2 (W.D. Okla. July 2, 2025) (Request for jurisdictional discovery in Motion for Reconsideration was insufficient "to warrant jurisdictional discovery" as it lacked "any citation to authority or argument in support of request."). Plaintiff did not file an independent motion for discovery as to the jurisdictional allegations at issue in Boston Digital's Motion to Dismiss. The Court finds

it did not commit clear error when Plaintiff's only request for jurisdictional discovery was made in passing at the end of a response brief.

Even if the Court were to consider the merits of Plaintiff's jurisdictional discovery request, it would not warrant reconsideration of the March 26, 2026 Order. Plaintiff cites to *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975) and *Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) for the proposition that a district court must allow discovery as to factual issues raised in a motion to dismiss for lack of jurisdiction. However, the very next sentence in *Budde* goes on to state that "[t]he trial court, however, is vested with broad discretion and should not be reversed unless discretion is abused." *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1298–99 (10th Cir. 2004) (quoting *Budde*, 511 F.2d at 1035.)). "[A] refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant. Prejudice is present where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 103 (10th Cir. 2012) (citing *Sizova*, 282 F.3d at 1326). This is also reflected in the *Budde* decision, where the Tenth Circuit found the district court did not err in denying further jurisdictional discovery as "[i]mplicit in the trial court's order . . . dismissing the complaint for lack of jurisdiction is a determination that further discovery would not demonstrate facts sufficient to constitute a basis for personal jurisdiction [over the defendants]." *Budde*, 511 F.2d at 1036.

Plaintiff's own request was clearly conditioned on whether the *Court* found that any factual issues needed resolution through discovery. *See* Resp. [Doc. No. 32] at 19 ("should

the *Court* determine that any factual issue needs resolution.”). The Court finds that the March 26, 2026 Order was clear—there appeared to be no relevant jurisdictional allegations which were controverted. *See* Order [Doc. No. 46] at 10-11. Plaintiff’s request for discovery in the response brief is vague and fails to identify what factual allegations needed to be further developed through discovery. Plaintiff cannot transfigure a vague and conditional request dependent on the Court’s findings into a request for discovery as to all jurisdictional issues previously addressed by the Court. Plaintiff does not raise arguments that the Court erred in its factual findings, she only asserts the Court erred in its failure to consider the jurisdictional discovery request. *See* Mot. [Doc. No. 49] at 5-6. The Court finds that Plaintiff has failed to demonstrate the Court committed clear error warranting reconsideration of the Court’s prior Order [Doc. No. 46].

Plaintiff’s remaining arguments contained in the Motion are directed at the sufficiency of the Murphy Declaration, facts she believes are controverted and warrant discovery, and substantive arguments as to the exercise of personal jurisdiction. The Court finds that such arguments are improper in a motion for reconsideration as they rehash issues that were addressed in the underlying briefing of Boston Digital’s Motion to Dismiss. *See*, *e.g.*, *Servants of Paraclete*, 204 F.3d at 1012; *see also Spann*, 166 F.4th at 1207 (finding district court did not abuse its discretion in declining to address motion to reconsider where the motion revisited issues already addressed in the underlying order). Furthermore, such arguments are not tailored to the specific grounds warranting reconsideration.

Perplexingly, Plaintiff also makes a request for jurisdictional discovery in her Motion for Reconsideration as well. As discussed above, such request must be made in an

independent motion and should have been requested when Boston Digital's Motion to Dismiss was pending before the Court.

**IV. Conclusion**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration of the Court's Order Granting Defendant Boston Digital Enterprises, LLC's Motion to Dismiss and Request for Limited Jurisdictional Discovery [Doc. No. 49] is DENIED.

IT IS SO ORDERED this 16th day of October, 2025.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**